UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO.: 09-21689 (Jordan/McAliley)

GUSTAVO B. SAMPAIO,

    Plaintiff,

v.

I.C. SYSTEM, INC.

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND MEMORANDUM OF LAW

COMES NOW, Defendant, I.C. SYSTEM, INC., and files this Motion to Dismiss pursuant to FRCP 12(b)(1), and states:

**A. Factual Background.**

This matter arises out of allegations that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq.* (the "FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stats., § 559.55, *et seq.* (the "FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") in attempting to collect an unpaid bill from Plaintiff. Plaintiff also raised in Count IV of the Complaint an Invasion of Privacy Claim and in Count VI a claim for "Declaratory and Injunctive Relief."

On September 14, 2009, this Court entered an Order granting Defendant's Motion for Partial Judgment on the Pleadings with regarding to Plaintiff's FCCPA claims, Invasion of Privacy claim and claim for Declaratory and Injunctive Relief. (DE 12).

On November 5, 2009, this Court entered an Order granting Defendant's Motion for Partial Judgment on the Pleadings with regarding to Plaintiff's FDCPA claims. (DE 24).

As such, the only remaining claim is Plaintiff's TCPA claim. Since exclusive jurisdiction over this claim lies in state court, this Court lacks subject-matter jurisdiction and the case must be dismissed.

**B. Legal Analysis.**

### 1. Standard for deciding 12(b)(1) motions.

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: "facial attacks," which require a court to evaluate a pleading and determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction and "factual attacks," which challenge the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings … are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-1529 (11th Cir. 1990). The attack in this case is factual, meaning, "in short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The allegation that the Court lacks subject matter jurisdiction is a defense that can never be waived or forfeited. *See, U.S. v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002).

In this matter, Defendant moves for dismissal of the Plaintiff's Complaint, under Rule 12(b)(1), because the Court has no jurisdiction to entertain Plaintiff's TCPA claims since jurisdiction over those claims is exclusive to state court.

### 2. This Court lacks jurisdiction to entertain Plaintiff's TCPA Claims.

The Eleventh Circuit has ruled that "federal courts lack subject matter jurisdiction of private actions under the [TCPA]." *See, Nicholson v. Hooters of Augusta*, 136 F.3d 1287, 1289 (11th Cir. 1998) *modified*, 140 F.3d 898 (11th Cir. 1998). Moreover, the only Florida state court to determine this issue has held that jurisdiction over TCPA claims rests in state court. *See, Condon v. Office Depot, Inc.*, 855 So. 2d 644, 647 (Fla. 2nd DCA 2003).

Several other federal Circuit Courts that have considered the issue have also concluded that exclusive jurisdiction over TCPA claims rests in state court. *See, ErieNet, Inc., v. Velocity Net, Inc.*, 156 F.3d 513, 520 (3d Cir. 1998); *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Servs., Ltd.*, 156 F.3d 432, 438 (2d Cir. 1998); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 514 (5th Cir. 1997); *International Science & Tech. Inst. v. Inacom Communs.*, 106 F.3d 1146, 1151 (4th Cir. 1997); *Murphey v. Lanier*, 204 F.3d 911, 913 (9th Cir. 2000).[1]

Since jurisdiction over Plaintiff's TCPA claims is exclusive to state court and no basis exists for this Court to exercise supplement jurisdiction over Plaintiff's TCPA claims, Plaintiff's TCPA claims must be dismissed for lack of jurisdiction.

### C. Conclusion.

Exclusive jurisdiction over Plaintiff's TCPA claims lies in state court. As such, this Court no longer has jurisdiction over this matter and it must be dismissed.

---

[1] Of course, since the Eleventh Circuit has ruled similarly, the holdings of other Circuits is irrelevant. However, it is nonetheless instructive that other Circuits have held similarly to the Eleventh Circuit on this issue.

**4 |** P a g e

WHEREFORE, Defendant respectfully requests an Order from this Court dismissing this case for lack of jurisdiction.

>Respectfully submitted,
>
>\_\_\_/s/ Dale T. Golden_____
>DALE T. GOLDEN, ESQUIRE
>Fla. Bar No. 0094080

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record, this 12th day of November, 2009.

>\_\_\_/s/ Dale T. Golden_____
>DALE T. GOLDEN, ESQUIRE
>**GOLDEN & SCAZ, PLLC**
>2124 W. Kennedy Blvd.
>Suite A
>Tampa, Florida 33606
>813-251-5500 (p)
>813-251-3675 (f)
>dale.golden@goldenscaz.com
>**Attorneys for Defendant**